IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAY T. SLACK,

    Plaintiff,

v.                                  Case No. 11-cv-870-JPG

SHERIFF ROBERT HERTZ, CAPT.
DONALD BUNT and CAPT. GARY BOST,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff, formerly detained at the Madison County Jail and currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, and the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1, *et seq.* Plaintiff claims that while he was incarcerated at the Madison County Jail, Jail Administrators Bunt and Bost failed to provide him with a nutritionally adequate Kosher diet. He believes the Hostess brand honey buns and Wonder brand bread the jail served contained pork products and contaminated the other food it touched on his tray so, if he observed his religious beliefs, he could not eat it. He alleges the only uncontaminated food was nutritionally insufficient.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable causes of action:

**Count 1:**     A claim against Defendants Hertz, Bunt and Bost for violation of his First Amendment rights by failing to provide Kosher meals;

**Count 2:**     A claim against Defendants Hertz, Bunt and Bost for violation of RLUIPA by failing to provide Kosher meals; and

**Count 3:**     A claim against Defendants Hertz, Bunt and Bost for violation of IRFRA by failing to provide Kosher meals.

Defendant Hertz is dismissed from Counts 1, 2 and 3 without prejudice for the following reasons

- Plaintiff makes no allegations against him plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and

- The doctrine of *respondeat superior* is not applicable to § 1983 actions, and there is no allegation the Defendant was personally responsible for the alleged wrong. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Defendants Bunt and Bost in their individual capacities are dismissed from Count 2 with prejudice for the following reason:

- RLUIPA does not authorize a suit for money damages against individuals in their individual capacities. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Maddox v. Love*, 655 F.3d 709, 717 (7th Cir. 2011)

Plaintiff's claims for injunctive relief are dismissed without prejudice for the following reason:

- Transfer of a prisoner out of an institution renders the prisoner's request for injunctive relief moot unless he makes a showing that he will likely be reincarcerated at the institution. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Plaintiff is no longer incarcerated at the Madison County Jail.

**Disposition**

The following defendants are **DISMISSED** from this action **without prejudice:**

    Hertz

The following defendants remain in the instant action:

    Bunt
    Bost

The Clerk of Court shall prepare for Defendants **BUNT** and **BOST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 5, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**